**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| MUBARAK ABDI DEK | CIVIL ACTION NO. 26-0632 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRYAN PATTERSON, ET AL. | MAGISTRATE JUDGE MCCLUSKY |

## MEMORANDUM RULING

Before the Court is Mubarak Abdi Dek's ("Petitioner") petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Record Document 1. The Magistrate Judge issued a Report and Recommendation, recommending that the habeas petition be granted and that Petitioner be released based on Petitioner's procedural due process claim. See Record Document 13. The undersigned advised counsel that it would defer ruling on the pending Report and Recommendation until the United States Court of Appeals for the Fifth Circuit decided Sosnava Rodriguez v. Miguel Vergara. See Record Document 16. Based on the newly issued Sosnava Rodriguez decision, the Court declines to adopt the Report and Recommendation of the Magistrate Judge (Record Document 13) and finds that Petitioner's detention is statutorily mandated while his removal proceedings are ongoing and does not violate the Due Process Clause of the Fifth Amendment. Accordingly, Petitioner's writ of habeas corpus (Record Document 1) is **DENIED**.

## BACKGROUND

Petitioner is a citizen of Somalia, who unlawfully entered the United States on February 4, 2023. See Record Document 1. "Upon entry to the United States, Petitioner was detained U.S. Customs and Border Protection ('CBP'), who then served the Petitioner with a form I-862, Notice to Appear, dated February 5, 2023." Record Document

12. The Department of Homeland Security ("DHS") charged him as "an alien present in the United States who has not been admitted or paroled" and stated he was subject to removal under "212(a)(6)(A)(i) of the Immigration and Nationality Act[.]" Record Documents 1-3. Petitioner was ultimately detained on December 14, 2025. See Record Document 1. Petitioner filed this proceeding on February 28, 2026. See id.

**LAW AND ANALYSIS**

The United States Court of Appeals for the Fifth Circuit held in Buenrostro-Mendez that aliens, who have not been admitted, may be detained without bond under 8 U.S.C. § 1225(b)(2)(A). See 166 F.4th 494, 502 (5th Cir. 2026). This remains true even when the unlawful aliens have been present in the United States for years. See id. In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225. See id. at 502-08. The court concluded that "applicants for admission," which includes all aliens who have not previously been admitted to the United States, are necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A). See id. at 502. Here, the Court finds that Petitioner, as an applicant for admission, is lawfully detained under § 1225(b).

Further, the Fifth Circuit recently held in Sosnava Rodriguez v. Miguel Vergara, that mandatory detentions under § 1225(b)(2)(A) do not violate an applicant for admission's Fifth Amendment right to due process. See No. 26-50183, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (en banc) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."). Notably, the court achieves the same result regardless of whether the claim was

characterized as substantive or procedural due process. See id. at *7 ("[P]rocedural due process does not require bond hearings ... in the context of § 1225(b)(2)(A)."); see id. at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process right.") (quoting Washington v. Glucksberg, 521 U.S. 702, at 720–21 (1997)); see id. at *12-13 (holding that duration of an applicant for admission's pre-removal detention raises no constitutional concerns).

Here, Sosnava Rodriguez has foreclosed Petitioner's arguments. Although Petitioner claimed he should have received a hearing before his detention, Sosnava Rodriguez found that an unlawful alien is not entitled to a bond hearing after his detention, much less before his detention. See id. at *1. Thus, Petitioner has no right to process beyond what Congress has provided, and Congress did not give unlawful aliens detained under § 1225(b) the right to a pre-deprivation bond hearing. Based on Sosnava Rodriguez, Petitioner's claim to such a hearing, whether characterized as substantive due process or procedural due process, fails. See id. at *6, 12.

## CONCLUSION

Accordingly, Petitioner's detention is statutorily mandated while his removal proceedings are ongoing and does not violate the Due Process Clause of the Fifth Amendment. As a result, Petitioner's writ of habeas corpus (Record Document 1) is hereby **DENIED** and this matter is **DISMISSED WITHOUT PREJUDICE**.

A judgment consistent with this memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 2nd day of November, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE